## RANDALL v. RANDALL.

*Fourth District Court for San Francisco Co., April T.*, 1858.

DIVORCE — DESERTION — PROOF OF.

In an action by a wife for a divorce on the ground of desertion, it was proven that defendant had neglected her, that she then went to live with her mother; that defendant left this state, and since then has lived and continues to live in another state, and that prior to his departure, he declared that he would leave plaintiff and never return ; it was not proven that after leaving him, plaintiff ever offered to return to him, and it appeared was not willing so to do. *Held*, that the divorce must be denied.

The necessary facts are sufficiently stated in the opinion.

*John Reynolds*, for plaintiff.

Defendant not in court.

HAGER, J.—This is an action to obtain a divorce on the ground of desertion.

By the proofs reported it appears that the parties were married in this city and county, and lived together about a year, when plaintiff left defendant, went to live with her mother, and continued afterwards to reside there. Defendant was the mate of a ship, and was in the habit of visiting his wife occasionally, and when he returned from a voyage, at her mother's house, and made his home there until June, 1855, when he left this state in a ship, has not been seen here since, and now resides in the state of *Maine*. The mother testifies that plaintiff married against her will, and that defendant neglected plaintiff, and for that reason she came to live with her. Before defendant left this state, he declared, as one of the witnesses testifies, he was " put out " with his wife, would leave her and never return.

The plaintiff has also given in evidence a letter from the defendant, acknowledging the receipt of a copy of the complaint in this action, in which he in effect states that if plaintiff will release all claim to his estate he will not oppose her application for a divorce.

This is substantially the proof pertinent to the issue presented, and in my opinion it is insufficient to establish the fact of willful desertion of the plaintiff, on the part of the defendant.

Taking the testimony of the mother, the fact of plaintiff leaving defendant, into consideration, it is sufficient to raise a doubt of the truth of any presumption that defendant is guilty of willful desertion.

Did plaintiff know of his departure? Did she offer to accompany him, and did he refuse to receive her? These are questions that are unanswered.

It is true that it is proven that he did leave without his wife, and and that he said he would leave her and never return; but it is not proven by facts or circumstances that he refused or would have refused to take her with him had she been willing to go. On the contrary, I must infer from the circumstances, that the mother opposed the marriage, that plaintiff left defendant and went to reside with her mother, and from the letter of defendant, that plaintiff was not willing to go with defendant.

The allegations of the complaint are not sustained, and the application for a divorce is denied. Decree accordingly.